UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| VICTOR KOTOK, and NADEZHDA KOTOK, | ) CASE NO. C09-662 RSM ) ) |
| Plaintiffs, | ) ORDER GRANTING DEFENDANTS' ) MOTION TO DISMISS |
| v. | ) ) |
| HOMECOMINGS FINANCIAL, LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **I. INTRODUCTION**

This matter comes before the Court on Defendant Homecomings Financial, LLC's ("Homecoming") Motion to Dismiss (Dkt. #7), in which Defendant CTX Mortgage Company LLC ("CTX Mortgage") joins (Dkt. #11). Defendant Homecoming argues Plaintiffs' Truth-in-Lending Act and Real Estate Settlement Procedures Act claims should be dismissed because they are time barred, and because Plaintiffs seek remedies that are unallowable under the applicable statutes. Defendant Homecoming also argues that Plaintiffs fail to state a cause of action for a Washington Consumer Protection Act claim.

For the reasons set forth below, the Court GRANTS Defendant Homecoming's motion to dismiss.

## II. DISCUSSION

### A. Background

The Court has already discussed the relevant facts that gave rise to the instant lawsuit in its order denying Plaintiffs' motion for a temporary restraining order and preliminary injunction. (*See* Dkt. #26). Accordingly, the Court finds it unnecessary to restate them in any further detail here. The Court only finds it worthwhile to restate that Plaintiffs name Homecoming, CTX Mortgage, and Chicago Title Insurance Company of Washington ("Chicago Title") – the trustee under the Deed of Trust on the property at issue – as Defendants. Plaintiffs claim that Defendants violated the provisions of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601 *et. seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Washington Consumer Protection Act ("CPA"). RCW 19.86.090 *et seq*. (Dkt. #12, Pls.' Am. Compl., ¶¶ 30-41). Plaintiffs also sought declaratory and injunctive relief, which the Court has already denied.

Rather than responding to Plaintiffs' complaint, Defendants brought the instant motion to dismiss. Plaintiffs filed an amended complaint along with its brief in opposition.

### B. Standard of Review Under FRCP 12(b)(6)

Under FRCP 12(b)(6), a court must dismiss a complaint if a plaintiff can prove no set of facts to support a claim which would entitle him to relief. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Courts must consider the complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007). The facts must be construed in the light most favorable to the plaintiff, and the court should "accept as true all material allegations in the complaint [and] any reasonable inferences to be drawn from them." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). A complaint need not include detailed allegations, but must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Importantly, "in

determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." *Tellabs*, 127 S.Ct. at 2509.

### C. Plaintiffs' TILA and RESPA Claims

Under the statutory framework of TILA, a claim for monetary damages "may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1007, n.3 (9th Cir. 2008). Furthermore, a claim made for loan rescission or modification under 15 U.S.C. § 1635(b) of TILA is subject to a three-year statute of limitations. *See* 15 U.S.C. § 1635(f). A TILA claim begins to run at the time a loan document is executed. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 ("Ordinarily, [under TILA, a plaintiff] would have one year from each inaccurate disclosure to file suit"); *see also King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986) (holding that "the limitations period in section 1640(e) runs from the date of consummation of the transaction").

Meanwhile, under the statutory framework of RESPA, an action pursuant to the anti-kickback and unearned fees provisions of 12 U.S.C. § 2607 is subject to a one-year statute of limitations. 12 U.S.C. § 2614. Claims related to improper disclosure of loan terms as set forth in 12 U.S.C. § 2605 are limited to three years. *Id*. The date of the occurrence of the alleged violation under RESPA is the date on which the loan closed. *See Diessner v. Mortgage Electronic Registration Sys.*, -- F.Supp.2d --, 2009 WL 1457624, \*4 (D.Ariz. 2009) (finding that the borrower's RESPA claim began accruing when he obtained the loan).

Here, Plaintiffs seek monetary damages under TILA, and alternatively seek loan modification of their original loan under TILA. Plaintiffs also bring a claim under 15 U.S.C. § 2607 of RESPA, as well as a claim that Defendants made improper loan disclosures under RESPA. However, all these claims are time barred under the relevant statutory framework described above. Plaintiffs do not dispute that their loan closed on October 31, 2005, and that they initiated the instant lawsuit in King County Superior Court on April 30, 2009. Furthermore, the Court has established that the date on which the loan closed is generally the

date on which the statute of limitations under either TILA or RESPA begins.  Therefore under either a one-year or three-year statute of limitations, Plaintiffs' claims are time barred. Indeed, Plaintiffs acknowledge that "Defendant Homecomings is correct to assert that claims for statutory and other monetary damages under [TILA] and under [RESPA] are subject to a one-year limitations period."  (Dkt. #13 at 5).

Nevertheless, Plaintiffs argue that the doctrine of equitable tolling applies.  "This doctrine has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." *Leorna v. United States Dept. of State*, 105 F.3d 548, 551 (9th Cir. 1997) (citations omitted). Specifically, it applies when "there is excusable delay by the plaintiff: 'If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'" *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (quoting *Santa Maria v. Pac Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000)).

However, equitable tolling applies only in "extraordinary circumstances beyond plaintiffs' control which [makes] it impossible to file their claims on time." *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991), *rev'd on other grounds*, 503 U.S. 429 (1992).  In a TILA claim, equitable tolling does not apply where a plaintiff alleges "that there were possible 'anomalies' or errors in her loan." *Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (holding that "nothing prevented [the plaintiff] from comparing the loan contract, [the bank's] initial disclosures, and TILA's statutory and regulatory requirements" at the time she received her loan).  Moreover, this district court – when faced with an equitable tolling argument in the context of a TILA claim – has held that a plaintiff possesses "the information . . . needed to bring a TILA action regarding the alleged wrongs *at the time the loans were consummated.*" *Fultz v. World Savings and Loan Ass'n*, 2009 WL 5246440, *2 (W.D. Wash. Dec. 17, 2008) (emphasis added).

Given these well-established principles, equitable tolling does not apply in this case. Plaintiffs had the opportunity to review the allegedly wrongful loan documents at the time

ORDER
PAGE - 4

they entered into the loan on October 31, 2005. From that date onward, Plaintiffs possessed all loan documents necessary to make a TILA or RESPA claim. Nonetheless, Plaintiffs made their monthly mortgage payments in a timely fashion without any complaints. It was not until three years afterwards, when Plaintiffs defaulted on their mortgage payments, that they began making claims that their loan was wrongfully consummated. These are not circumstances in which equity steps in to modify the clear Congressional mandate under TILA or RESPA establishing a one-year or three-year statute of limitations period.

Plaintiffs' attempt to utilize an equitable doctrine is also undermined by Plaintiffs' own conduct. For example, when Plaintiffs' loan terms changed after the expiration of their three year adjustable rate mortgage, Plaintiffs' mortgage payments were actually *reduced*. Plaintiffs cannot deny that in the fall of 2008, their monthly payment was lowered from approximately $2,219 to approximately $1,674. (*See* Dkt. #21, Decl. of Zeitz, ¶¶ 8-9). Yet Plaintiffs defaulted at the lower rate. As the Court established in its order denying Plaintiffs' motion for temporary restraining order, the injury sustained by Plaintiffs was a product of their own doing.

To the extent Plaintiffs argue that their TILA claims for recoupment and set-off survive the applicable statute of limitations, Plaintiffs are also incorrect. The law is unequivocally clear that "[a] party may bring a claim for recoupment after TILA's one year-statute of limitations period has expired, but only as a defense in an action to collect a debt . . . [a plaintiff's] affirmative use of the claim is improper and exceeds the scope of the TILA exception[.]" *Amaro v. Option One Mortg. Corp.*, 2009 WL 103302, *3 (C.D. Cal. Jan. 14, 2009) (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415-16 (1998)). Here, Plaintiffs neither bring their claims as an action to collect a debt, nor do they seek recoupment and set-off as a defense. Accordingly, Plaintiffs' TILA and RESPA claims are dismissed.

### D. Plaintiffs' CPA Claim

In order to make a claim under the Washington CPA, a plaintiff must show (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4)

which causes injury to the party in his business or property, and (5) which is causally linked to the unfair or deceptive act. *Industrial Indem. Co. of Northwest, Inc. v. Kallevig*, 114 Wash.2d 907, 920-21 (1990). A plaintiff's failure to meet any one of these elements is fatal to his CPA claim. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 793 (1986).

In the instant case, Plaintiffs initially argue that a violation of either TILA or RESPA is a per se unfair trade practice affecting public interests that gives rise to a Washington CPA claim. However, as detailed above, Plaintiffs TILA and RESPA claims are time barred. Therefore Plaintiffs cannot maintain a CPA claim on this ground.

Plaintiffs nevertheless insist that irrespective of their TILA or RESPA claims, they have made "a solid prima facie case" under the Washington CPA. (*See* Dkt. #13 at 10). They assert that their newly submitted amended complaint establishes that Defendants have engaged in conduct that constitutes an unfair or deceptive act or practice. However, this argument ignores that in a FRCP 12(b)(6) motion to dismiss, courts "must take into account plausible opposing inferences," and "must consider . . . documents incorporated into the complaint by reference." *Tellabs*, 127 S.Ct. at 2509. In fact, a court does not automatically draw any and all inferences in favor of a plaintiff. *See id.* at 2510 ("The strength of an inference cannot be decided in a vacuum. The inquiry is inherently comparative: How likely is it that one conclusion, as compared to others, follows from the underlying facts?").

Here, the loan documents referenced in Plaintiffs' complaint and submitted by Defendants clearly belie Plaintiffs' contentions. These documents demonstrate that Plaintiffs possessed all the relevant documentation regarding the terms of their loan on or shortly after October 31, 2005. (*See* Dkt. #21, Decl. of Zeitz, Exs. A-G). Each document also unequivocally contains Plaintiffs' signatures. These documents ultimately establish that there is no merit to Plaintiffs' arguments that they believed their home loan had an interest rate of 1.627% rather than 7.75%, and that they believed they had a five-year ARM on their mortgage rather than a three-year ARM.

For instance, the record indicates that Plaintiffs signed a Truth-in-Lending Disclosure Statement dated ten days *prior* to closing date of the loan. The document establishes that: (1) the interest rate on the loan was intended to be set at 7.75%; (2) Plaintiffs were to expect their mortgage payments to be set at $1,930.38 before interest, taxes and insurance; and (3) the loan had a variable rate feature. (*See* Dkt. #26, Appendix A).

In addition, Defendants submitted the Adjustable Rate Note signed by Plaintiffs. This document states that the borrower "will pay interest at a yearly rate of 7.75%" and that "[t]he interest rate I will pay may change on the first day of November, 2008." (Decl. of Zeitz, Ex. A). Defendants also submitted the Adjustable Rate Mortgage Loan Program Disclosure Form sent to Plaintiffs which indicates that "[y]our interest rate can change annually after remaining fixed for 3 years" and that "[y]our payment can change annually after remaining fixed for 3 years." (*Id.*, Ex. B). These documents clearly reject Plaintiffs' allegations.

As a result, Plaintiffs cannot show that Defendants engaged in an unfair or deceptive act or practice. Plaintiffs' Washington CPA claims shall be dismissed.

### E.  Plaintiffs' Claims Against Chicago Title

Because Plaintiffs' cannot maintain any claims against the bank that financed the loan, it follows that Plaintiffs cannot pursue any claims against the trustee under the Deed of Trust. Accordingly, all claims against Defendant Chicago Title shall be dismissed.

### F.  Leave to Amend

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, there are no facts that could cure the deficiencies in Plaintiffs' amended complaint. The objective evidence establishes that Plaintiffs lack any foundation for their claims.

## III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant Homecoming's Motion to Dismiss (Dkt. #7) is GRANTED. Plaintiffs' claims are dismissed with prejudice, and the case is now CLOSED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 14 day of July, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE